IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JAMES COX and ANGELA COX, )
husband and wife, individually, )
and as representatives of classes )
of similarly situated individuals, )
                                                       )
                    Plaintiffs, )
                                                     )
v. )   No. CIV-07-1449-L
                                                        )
ALLSTATE INSURANCE )
COMPANY and LARRY )
DUMAS, JR., )
                                                       )
                  Defendants. )

## O R D E R

On May 11, 2006, plaintiffs, as individuals, filed this action in the District Court of Canadian County, Oklahoma, seeking damages for breach of contract, bad faith, and fraud. The Petition alleged plaintiffs purchased homeowners insurance from defendant Allstate Insurance Company through its agent, defendant Larry Dumas, Jr. Petition, Exhibit 1 to Notice of Removal (Doc. No. 1-3) at ¶ 4. The policy was marketed as providing replacement coverage. Id. at ¶ 3. Plaintiffs' property was damaged by a wildfire on December 27, 2005, and plaintiffs submitted a claim to Allstate. Id. at ¶¶ 8-9. Thereafter, Allstate allegedly breached the insurance contract by undervaluing the property, failing to pay the full amount for the damage incurred, and withholding benefits due under the terms of the contract. Id at ¶ 12. Plaintiffs alleged this same conduct constituted a breach of Allstate's duty of good faith and

fair dealing. Id. at ¶ 13. In addition, plaintiffs claimed both defendants committed fraud. Id. at ¶ 14.

Allstate removed the action to this court on July 7, 2006, claiming the court had diversity jurisdiction because Dumas had been fraudulently joined.[1] Exhibit 6 to Notice of Removal (Doc. No. 1-8). Plaintiffs moved to remand the matter to state court, and on September 11, 2006, this court issued an order granting the motion to remand. Cox v. Allstate Ins. Co., Case No. CIV-06-722-L (W.D. Okla. filed Sept. 11, 2006), Exhibit 8 to Notice of Removal (Doc. No. 1-10). The court found defendants "failed to demonstrate by clear and convincing evidence that plaintiffs' fraud claim against Dumas [was] 'wholly insubstantial and frivolous'." Id. at 4.

After remand, the parties conducted discovery and filed cross-motions to compel. During a hearing on the parties' motions to compel, the state court judge expressly noted that the case, as pled, was not a class action. Exhibit 1 to Defendants Allstate Insurance Company's and Larry Dumas, Jr.'s Response to Plaintiffs' Motion to Remand at 42, 44 (Doc. No. 14-2) [hereinafter cited as "Defendants' Response"]. Thereafter, plaintiffs filed an Amended Petition in which they sought to represent a class of similarly situated individuals. Amended Petition, Exhibit 46 to Notice of Removal (Doc. No. 1-51). Less than 30 days later, defendants again removed the action to this court, alleging the court has jurisdiction

---

[1]Dumas – like plaintiffs – is a citizen of the State of Oklahoma. If his citizenship were disregarded, complete diversity would have existed since Allstate is a citizen of the State of Illinois.

pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, 119 Stat. 4 (2005) (codified in scattered sections of 28 U.S.C.).[2]

This matter is before the court on plaintiffs' motion to remand. Plaintiffs argue that federal jurisdiction does not exist because the requisite amount in controversy has not been satisfied. Pursuant to CAFA, district courts have original jurisdiction over class actions in which minimal diversity exists – that is, any member of the class is a citizen of a state different from any defendant – and the matter in controversy exceeds $5,000,000.[3] 28 U.S.C. § 1332(d)(2). There is no dispute that minimal diversity exists in this action; plaintiffs are citizens of the State of Oklahoma and Allstate is a citizen of the State of Illinois. Thus, the court must determine whether defendants have established that the amount in controversy exceeds $5,000,000.

Defendants, as the party seeking to invoke this court's jurisdiction, have the burden of demonstrating that the statutory requirements for jurisdiction have been met. Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001). "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal."

---

[2] The court notes that neither party complied with LCvR 3.7, which requires the parties to file written notice of a related case. In the Civil Cover Sheet, defendants should have indicated that this case was related to Case No. CIV-06-722-L. While plaintiffs did not file a separate notice in accordance with LCvR 3.7, they did notify the court of the related case in their motion to remand. Plaintiffs' Motion to Remand at 4 (Doc. No. 10).

[3] Pursuant to CAFA, the claims of individual class members are aggregated to determine the amount in controversy. 28 U.S.C. § 1332(d)(6).

3

Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995).  Normally, a removing defendant must establish the jurisdictional amount by a preponderance of the evidence.  *See* McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Martin, 251 F.3d at 1293; Frederico v. Home Depot, 507 F.3d 188, 194 (3d Cir. 2007).  Plaintiffs, however, are the masters of their claims and may avoid federal jurisdiction by expressly limiting their damages to less than the jurisdictional amount.  Frederico, 507 F.3d at 196; Nicodemus v. Union Pacific Corp., 440 F.3d 1227, 1232 (10th Cir. 2006).  In those circumstances, the removing party must prove to a legal certainty that the amount in controversy exceeds the jurisdictional threshold.  Frederico, 507 F.3d at 196-97; Lowdermilk v. U.S. Bank, N.A., 479 F.3d 994, 999-1000 (9th Cir. 2007); Morgan v. Gay, 471 F.3d 469, 474 (3d Cir. 2006), *cert. denied*, 128 S. Ct. 66 (2007).[4]

The parties dispute whether plaintiffs have so limited their damages.  In the Amended Petition, plaintiffs allege that "the matter in controversy does not in the aggregate exceed the sum or value of $5,000,000, exclusive of interest and costs." Exhibit 46 to Notice of Removal at ¶ 38 (Doc. No. 1-51).  Defendants counter that this contention does not constitute an express, affirmative limitation on damages. The court agrees that plaintiffs' statement is not as specific or as precise as those contentions that have been found to limit damages.  *See* Lowdermilk, 479 F.3d at

---

[4]The parties did not cite, nor court the court find, any Tenth Circuit authority directly on point. The court, however, finds the Third Circuit's reasoning in Frederico to be persuasive.

996 (plaintiff "alleged that '[t]he aggregate total of the claims pled herein do not exceed five million dollars.'"); Morgan v. Gay, 471 F.3d at 471 ("the total amount of such monetary relief for the class as a whole shall not exceed $5 million in sum or value."). Nonetheless, the court finds plaintiffs' allegation is sufficient to trigger the legal certainty standard of proof.[5]

Under the legal certainty standard defendants must establish that it is not legally impossible for the amount at issue to exceed $5,000,000. *See* Woodmen of the World Life Ins. Soc. v. Manganaro, 342 F.3d 1213, 1217 n.2 (10th Cir. 2003). Given the nature of plaintiffs' claims and the uncontroverted evidence presented by defendants, the court finds they have met their burden. In the Amended Petition, plaintiffs allege that they and similarly situated policyholders were charged higher premiums for replacement cost coverage that they did not receive. They contend this resulted in a "financial windfall" to defendants. Amended Petition at ¶¶ 22-23 (Doc. No. 1-51). Based on this and other allegedly fraudulent conduct, plaintiffs seek actual and punitive damages "in an amount in excess of $10,000.00", prejudgment interest, costs, and attorneys fees. Id. at 10, ¶¶ e-f (Doc. No. 1-51). In addition, plaintiffs seek an order enjoining defendants from marketing and selling replacement cost insurance policies using deceptive marketing practices, forbidding

---

[5]Moreover, given that plaintiffs seek injunctive relief and the equitable remedy of disgorgement, their reference to "the matter in controversy" is appropriate. The court cannot focus solely on the amount of monetary relief sought by plaintiffs, but must also consider the cost to defendants of the equitable remedies.

Allstate from requiring policyholders to replace property before paying them benefits, and banning Allstate's "systematic mis-coding of covered and non-covered losses". Id. at 9-10, ¶¶ b-d.  Finally, plaintiffs seek "[d]isgorgement of the increased financial benefits derived by the Defendants as a direct result of the conduct causing injury and damages".  Id. at 9, ¶ a.  The equitable relief of disgorgement dovetails with plaintiffs punitive damages request.  With respect to punitive damages, it appears plaintiffs seek to recover the increased financial benefit derived by defendants as a result of their conduct.  See id. at ¶ 20.

Where plaintiffs seek injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." Hunt v. Washington State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977).  That value, in turn, is determined by "the pecuniary effect an adverse declaration will have on either party to the lawsuit."[6] City of Moore v. Atchison, Topeka, & Santa Fe Ry. Co., 699 F.2d 507, 509 (10th Cir. 1983).  Defendants have presented uncontroverted evidence that in 2006 alone, Allstate received $70,000,000.00 in premium payments for replacement cost policies sold in Oklahoma.  Affidavit of Steve Hall at ¶ 2, Exhibit 4 to Defendants' Response. Thus, disgorgement of the premiums paid to Allstate in only one year exceeds CAFA's jurisdictional amount. Defendants have therefore clearly shown that the

---

[6]In making this assessment, the court is not limited to bare allegations of the Amended Petition, but may also look to the Notice of Removal and its supporting documents.

amount in controversy exceeds the statutory minimum of $5,000,000.00. The court thus has subject matter jurisdiction over this action.

This conclusion, however, does not end the inquiry, as CAFA contains an exception for local controversies. The statute provides that the court "shall decline to exercise jurisdiction" if four requirements are met: (1) more than two-thirds of the proposed class members are citizens of the state in which the action was originally filed; (2) at least one defendant – from whom "significant relief" is sought and whose conduct forms "a significant basis for the claims asserted" by the class – is a citizen of that same state; (3) the "principal injuries" resulting from the alleged conduct occurred in the state in which the action was originally filed; and (4) no other class action making the same allegations has been filed within the preceding three years. 28 U.S.C. § 1332(d)(4)(A). Plaintiffs have the burden of proving the local controversy exception applies. Evans v. Walter Indus., Inc., 449 F.3d 1159, 1164-65 (11th Cir. 2006).

Defendants do not dispute that plaintiffs can meet their burden of proof with respect to three of the four prongs of the local controversy exception.[7] They contend, however, that plaintiffs cannot satisfy the significant-local-defendant prong. This element requires that plaintiffs establish not only that the class seeks significant

---

[7]As plaintiffs seek to represent a class of "policyholders in The State of Oklahoma", it appears the first and third elements are established. Amended Petition at ¶¶ 34-37. Likewise, since there is no allegation any similar lawsuit has been filed within the past three years, it appears plaintiffs can meet the fourth prong of the local controversy test.

7

relief from Dumas, but also that his conduct constitutes a significant basis for the claims sought by the class.  "[A] class seeks 'significant relief' against a defendant when the relief sought against that defendant is a significant portion of the entire relief sought by the class." Evans, 449 F.3d at 1167.  In determining whether a local defendant is significant, the court must consider

> not only an assessment of how many members of the class were harmed by the defendant's actions, but also a comparison of the relief sought between all defendants and each defendant's ability to pay a potential judgment.

Id. (*quoting* Robinson v. Cheetah Transp., 2006 WL 468820 (W.D. La. Feb. 27, 2006).

Based on this standard, the court finds plaintiffs have failed to carry their burden.  Rather than presenting evidence regarding the elements at issue, plaintiffs offer only the conclusory statement that this court and the state court judge "have ruled that Dumas is indeed a significant Defendant in this case."  Plaintiffs' Motion to Remand and Brief in Support at 10-11 (Doc. No. 10) (footnote omitted).  Neither court, however, has issued such a ruling.  In Case No. CIV-06-722-L, this court simply held that Allstate had failed to demonstrate by clear and convincing evidence that plaintiffs' fraud claim against Dumas – *as pled* – was so "wholly insubstantial and frivolous" that the court should disregard his citizenship. Cox v. Allstate Ins. Co., Case No. CIV-06-722-L, order at 4-5 (W.D. Okla. filed Sept. 11, 2006).  The court did not undertake the analysis that the local controversy exception requires.  That

analysis leads to the conclusion that the class does not seek significant relief from Dumas, nor is his conduct a significant basis for the claims asserted by the class.

The most significant relief plaintiffs seek is disgorgement of the increased financial benefit to defendants. The only evidence before the court demonstrates that Allstate received $70,000,000.00 in premiums for replacement coverage policies sold in Oklahoma during 2006. During the same period, Dumas received less than two-tenths of one percent of the amount paid to Allstate. Affidavit of Larry Dumas, Jr. at ¶ 5, Exhibit 5 to Defendants' Response. Moreover, Dumas's conduct is not a significant basis for the claims asserted by the class. As noted by defendants, less than 2 percent of replacement cost policies sold in Oklahoma during the class period were sold by Dumas (890 policies out of 52,000). Id. at ¶ 4; Affidavit of Steve Hall at ¶ 5, Exhibit 4 to Defendants' Response. The sale of those policies, however, is the basis for only one of the four claims presented by the class.[8] Moreover, the named plaintiffs did not receive any sales materials from Dumas or deal with him in any way. *See* Exhibit 2 to Defendants' Response at 46-48, 61-62, 188; Exhibit 8 to Defendants' Response at 93, 99; Exhibit 1 to Defendants' Response at 28. Dumas did not write any of the policies plaintiffs allege are fraudulent, he did not issue the allegedly fraudulent policy to plaintiffs, nor did he create the allegedly fraudulent marketing program. Affidavit of Larry Dumas, Jr. at ¶¶ 1-2, 10, Exhibit 6 to

---

[8]Three of the four proposed classes are limited to policyholders who purchased replacement cost coverage *and* who made claims against those policies. Amended Petition at ¶¶ 34, 36, 37.

Defendants' Response.  Furthermore, Dumas had no involvement in the allegedly fraudulent claims process.  Affidavit of Larry Dumas, Jr. at ¶ 3, Exhibit 5 to Defendants' Response; Affidavit of Larry Dumas, Jr. at ¶¶ 3-9, Exhibit 6 to Defendants' Response.  His limited role – if any – in the class claims cannot be said to be significant.  This is fatal to plaintiffs' argument that the local controversy exception applies.

In sum, the court finds it has jurisdiction over this action based on CAFA and plaintiffs have failed to demonstrate that the local controversy exception applies. Plaintiffs' Motion to Remand (Doc. No. 10) is therefore DENIED.

It is so ordered this 21st day of May, 2008.

_____
TIM LEONARD
United States District Judge