IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES COX and ANGELA COX, husband and wife, individually, and as representatives of classes of similarly situated individuals,  Plaintiffs,  v.  ALLSTATE INSURANCE COMPANY,  Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. CIV-07-1449-L |

# O R D E R

On May 11, 2006, plaintiffs, as individuals, filed this action in the District Court of Canadian County, Oklahoma, seeking damages for breach of contract, bad faith, and fraud. The Petition alleged plaintiffs purchased homeowners insurance from defendant Allstate Insurance Company through its agent, Larry Dumas, Jr., who was also named as a defendant. Petition, Exhibit 1 to Notice of Removal (Doc. No. 1-3) at ¶ 4. According to the Petition, the policy was marketed as providing replacement coverage. Id. at ¶ 3. Plaintiffs' property was damaged by a wildfire on December 27, 2005, and plaintiffs submitted a claim to Allstate. Id. at ¶¶ 8-9. Thereafter, Allstate allegedly breached the insurance contract by undervaluing the property, failing to pay the full amount for the damage incurred, and withholding benefits due under the terms of the contract. Id at ¶ 12. Plaintiffs alleged this same conduct

constituted a breach of Allstate's duty of good faith and fair dealing. Id. at ¶ 13. In addition, plaintiffs claimed both defendants committed fraud. Id. at ¶ 14.

Allstate removed the action to this court on July 7, 2006, claiming the court had diversity jurisdiction because Dumas had been fraudulently joined.[1] Exhibit 6 to Notice of Removal (Doc. No. 1-8). Plaintiffs moved to remand the matter to state court, and on September 11, 2006, this court issued an order granting the motion to remand. Cox v. Allstate Ins. Co., Case No. CIV-06-722-L (W.D. Okla. filed Sept. 11, 2006), Exhibit 8 to Notice of Removal (Doc. No. 1-10). The court found defendants "failed to demonstrate by clear and convincing evidence that plaintiffs' fraud claim against Dumas [was] 'wholly insubstantial and frivolous'." Id. at 4.

After remand, the parties conducted discovery in state court and filed cross-motions to compel. During a hearing on the parties' motions to compel, the state court judge expressly noted that the case, as pled, was not a class action. Exhibit 1 to Defendants Allstate Insurance Company's and Larry Dumas, Jr.'s Response to Plaintiffs' Motion to Remand at 42, 44 (Doc. No. 14-2). Thereafter, plaintiffs filed an Amended Petition in which they sought to represent a class of similarly situated individuals. Amended Petition, Exhibit 46 to Notice of Removal (Doc. No. 1-51). Less than 30 days later, defendants again removed the action to this court, alleging the court has jurisdiction pursuant to the Class Action Fairness Act of 2005, Pub. L.

---

[1] Dumas – like plaintiffs – is a citizen of the State of Oklahoma. If his citizenship were disregarded, complete diversity would have existed since Allstate is a citizen of the State of Illinois.

109-2, 119 Stat. 4 (2005) (codified in scattered sections of 28 U.S.C.). The court concurred, and this case has been pending in this court since December 28, 2007.

On May 21, 2009, plaintiffs sought leave to file a Second Amended Complaint "to (1) dismiss Defendant, Larry Dumas, Jr., (2) amend the proposed class definitions, and (3) revise the class claims in accordance with the class definitions." Motion for Leave to File Amended Complaint at 1 (Doc. No. 71). As Allstate did not object to plaintiffs' motion, the court granted the motion to amend on May 28, 2009. Plaintiffs filed their Second Amended Complaint that same date.

This matter is before the court on Allstate's motions to dismiss the Second Amended Complaint and to dismiss or strike the class allegations. Defendant moves to dismiss the Second Amended Complaint under both Rule 12(b)(6) for failure to state a claim and Rule 9(b) for failure to plead fraud with particularity. It seeks dismissal of plaintiffs' class allegations on the ground that plaintiffs failed to plead the minimum facts necessary to support a class action.

A complaint should not be dismissed for failure to state a claim unless it fails to contain sufficient factual allegations "to state a claim to relief that is plausible on its face."[2] Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In assessing

---

[2] In their response to defendant's motions, plaintiffs – citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957) – asserted dismissal was proper only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Plaintiffs' Combined Response in Opposition to Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint and Defendant's Motion to Dismiss and Strike Class Allegations at 4. See also id. at 5, 14. This language from Conley, however, was abrogated by the United States Supreme Court in Twombly, which found "this famous observation has earned its retirement." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007).

whether a claim is plausible, the court must construe the complaint in the light most favorable to the plaintiff and must presume all factual allegations to be true. Id. at 1965; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

> As the Court held in *Twombly*, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citations omitted). In assessing whether plaintiffs' complaint complies with the pleading requirements, the court may consider documents referred to in the complaint if those documents are central to plaintiff's claims and the parties do not dispute their authenticity. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007).

Under Rule 9(b), a party alleging fraud "must state with particularity the circumstances constituting fraud". Fed. R. Civ. P. 9(b). To do so, a complaint must

> "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991). Rule 9(b)'s purpose is "to afford defendant fair notice of plaintiff's claims and the factual ground upon which [they] are based . . . ." *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 987 (10th Cir. 1992) (quotation omitted), *implied overruling on other grounds recognized by, Seolas v. Bilzerian*, 951 F. Supp. 978, 981-82 (D. Utah 1997).


Koch v. Koch Indus., Inc., 203 F.3d 1202, 1236-37 (10th Cir.), *cert. denied*, 531 U.S. 926 (2000).

Based on these standards, the court has examined plaintiffs' Second Amended Complaint and finds it deficient. The court begins its analysis with plaintiffs' First Cause of Action, which is brought in their individual capacities. This claim contains a laundry list of allegations, including breach of contract, bad faith, violation of Oklahoma's Unfair Claims Settlement Practices Act, and fraud. The factual basis for plaintiffs' breach of contract claim is that defendant "designated, or 'coded,' damage to Plaintiffs' dwelling as being damage to Plaintiffs' outbuilding thereby subjecting it to lesser policy limits. As a result thereof, Plaintiffs' claim was underpaid." Second Amended Complaint at ¶ 15. This factual allegation supports the legal conclusions advanced by plaintiffs that defendant "failed to pay the full and fair amount for the property damage sustained by Plaintiffs", that defendant "arbitrarily and without basis assigned property values to the Plaintiffs' property damaged in the wildfire", and that defendant wrongfully "withheld benefits due under the terms and conditions of their homeowner's policy." Second Amended Complaint at ¶¶ 16(b), 16(c), 16(e). These components of plaintiffs' breach of contract claim therefore present plausible claims for relief. That portion of plaintiffs' breach of contract claim that is premised on defendant's application of depreciation,[3] however,

---

[3] This claim asserts that defendant "arbitrarily and without basis depreciated the Plaintiffs' property damaged in the December 27, 2005 wildfire, thereby unfairly and without valid basis, reducing the fair amount of Plaintiffs' claim." Second Amended Complaint at ¶ 16(d).

does not. As defendant notes, plaintiffs' insurance contract specifically permits depreciation:

> If **you** do not repair or replace the damaged, destroyed or stolen property, payment will be on an actual cash value basis. This means there may be a deduction for depreciation. Payment will not exceed the limit of liability shown on the Policy Declarations for the coverage that applies to the damaged, destroyed or stolen property, regardless of the number of items involved in the loss.

Exhibit 1 to Allstate Insurance Company's Motion to Dismiss Plaintiffs' Second Amended Complaint at 16 (emphasis in original). Plaintiffs, therefore, cannot contend that application of depreciation violates the parties' contract. Likewise, plaintiffs' claims that defendant "intentionally and with malice breached its duty to deal fairly and in good faith with its insureds",[4] that it "failed to advise Plaintiffs of all policy benefits to which they . . . were entitled",[5] that its conduct "constitutes bad faith"[6] and "violates the 'Unfair Claims Settlement Practices Act'"[7] are simply legal conclusions with no factual underpinning. As such they "are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1950. To the extent plaintiffs' First Cause of Action is based on these assertions, dismissal for failure to state a claim is warranted.

---

[4] Second Amended Complaint at ¶ 16(a).

[5] Id. at ¶ 16(f).

[6] Id. at ¶ 17.

[7] Id. at ¶ 18.

The remaining claim in plaintiffs' First Cause of Action and those claims presented on behalf of the class attempt to assert claims for fraud or deceit. The problem with *all* of plaintiffs' fraud allegations, however, is that they lack any factual detail. For example, the First Cause of Action simply asserts that "[a]s a direct result of Defendant's fraudulent schemes and other wrongful conduct, Plaintiffs' claim was unnecessarily delayed, inadequately investigated, wrongly underpaid and unfairly denied." Id. at ¶ 19. The complaint is silent, however, as to the "fraudulent schemes and other wrongful conduct" allegedly engaged in by defendant. Likewise, the Second Cause of Action alleges that plaintiffs were "misled by Allstate's uniformly deceitful marketing practices." Id. at ¶ 23. This is insufficient as it does not indicate *what* marketing practices were deceitful, *how* they were deceitful, or *when* they occurred. Neither defendant nor the court can tell whether plaintiffs are targeting a national advertising campaign or oral or written statements made by Allstate agents. Likewise, plaintiffs' claims that defendant manipulated certain software to increase premiums and decrease payments on claims are devoid of specifics. *See* id. at ¶¶ 37, 42, and 47. The fraud allegations in plaintiffs' Second Amended Complaint thus lack the particularity required by Rule 9(b) and are therefore subject to dismissal.

Dismissal of the class action allegations is likewise warranted. Defendant seeks to dismiss plaintiffs' class allegations on the ground that they simply parrot the language of Rule 23. Defendant is correct. The sum total of the class allegations, excluding the class definitions, is:

> Plaintiffs further allege with respect to each class as hereinafter defined that:
>
>> a) Each should proceed as a class action pursuant to Fed. R. Civ. P. 23;
>>
>> b) Each class is so numerous that joinder of all members is impracticable;
>>
>> c) There are questions of law or fact common within each class which predominate over their individual claims;
>>
>> d) The claims of the representative parties are typical of the claims of the putative members of each class;
>>
>> e) The representative parties will fairly and adequately protect the interests of the class; and
>>
>> f) The prosecution of separate actions by individual members of each class would create a risk of:
>>
>>> i) inconsistent or varying adjudications with respect to individual members of each class establishing incompatible standards of conduct for Allstate; or
>>>
>>> ii) adjudications with respect to individual members of each class, as a practical matter, being dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

Second Amended Complaint at ¶ 52. These "bare assertions . . . amount to nothing more than a 'formulaic recitation of the elements'"[8] necessary for class certification.

---

[8] Iqbal, 129 S. Ct. at 1951 (*quoting* Twombly, 550 U.S. at 555).

The complaint contains no information on what questions of law or fact are common, how plaintiffs' claims are typical of the class, and why plaintiffs will be adequate representatives.[9]

Moreover, the Second Amended Complaint appears to seek class certification pursuant to Rule 23(b)(1). Certification under Rule 23(b)(1), however, is normally not appropriate when significant monetary damages are sought because due process requires class members be given the opportunity to opt out of the action. *See* Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 811 n.3 (1985). Plaintiffs appear to concede this point in their response brief.[10] The Second Amended Complaint, however, contains no allegations consistent with Rule 23(b)(3), which permits maintenance of a class action if the court finds "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Rule 23(b)(3). Plaintiffs have therefore failed to provide a plausible factual basis for asserting a collective action. Plaintiffs

---

[9] The complaint does, however, contain an allegation that more than 40,000 policyholders purchased replacement coverage from Allstate and made claims during the class period. Id. at ¶ 30. It thus appears that plaintiffs have adequately alleged numerosity.

[10] "Accordingly, because the relief sought by Plaintiffs is entirely monetary, it most appropriately and logically fits into a Rule 23(b)(3) class action." Plaintiffs' Combined Response in Opposition to Defendant's Motion to Dismiss Plaintiffs Second Amended Complaint and Defendant's Motion to Dismiss and Strike Class Allegations at 23.

need not plead their evidence in support of class certification, but they must do more than repeat mindlessly the language of the rule.[11]

In sum, Allstate Insurance Company's Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. No. 80) is GRANTED in part and DENIED in part as noted above. Allstate Insurance Company's Motion to Dismiss and Strike Class Allegations (Doc. No. 81) is GRANTED. The court, however, grants plaintiffs leave to file a third amended complaint within **twenty (20) days** of the date of this order. Discovery is STAYED pending the filing of plaintiffs' third amended complaint and the court's resolution of any motions with respect to that pleading. Accordingly, the court at this time expresses no opinion on the outstanding discovery motions presented by the parties.[12]

It is so ordered this 19th day of August, 2009.

_Tim Leonard_
TIM LEONARD
United States District Judge

---

[11] *See* In re Am. Med. Sys. Inc., 75 F.3d 1069, 1069 (6th Cir. 1996) ("Mere repetition of the language of Rule 23(a) is not sufficient. There must be an adequate statement of the basic facts to indicate that each requirement of the rule is fulfilled.").

[12] Plaintiffs' Motion for Leave to Exceed Deposition Limit (Doc. No. 75); Defendant Allstate Insurance Company's Motion to Alter Discovery Order or, Alternatively, Motion for Relief from Discovery Order (Doc. No. 78); Plaintiffs' Motion for Discovery Order Governing Depositions (Doc. No. 94); Allstate's Motion to Compel Plaintiffs to Respond to Fourth Set of Interrogatories (Doc. No. 104); and Plaintiffs' Motion to Determine the Sufficiency of Allstate's Answers to Plaintiffs' Second Requests for Admissions, and Motion to Compel Proper Responses (Doc. No. 112). The final motion was filed on August 7, 2009; defendant's response would therefore be due August 25, 2009. The court, however, **STAYS** briefing on that motion until discovery is reopened.